WOODBRIDGE (GAULT v.). See Case No. 5,275.

## Case No. 17,968a.

### In re WOODBURY.

[See 7 Fed. 705.]

## Case No. 17,969.

### WOODBURY v. CRUM.

[1 Biss. 284;[1] 1 West. Law Month. 522.]

Circuit Court, N. D. Ohio. May Term, 1859.

NEGOTIABLE NOTE — LIABILITY OF INDORSER — NOTICE OF NONPAYMENT — WHEN DISPENSED WITH—PROPERTY TRANSFER BY MAKER TO INDORSER.

1. The transfer of property by the maker of a promissory note to the indorser for the express purpose of paying the debt will dispense with notice of non-payment. if the amount of property thus assigned be sufficient to satisfy the liability; not otherwise, although all the property of the maker may have been thus assigned.

2. If, however, the assignment to the indorser is in trust for general creditors, and sufficient only for the payment of a small portion of the debts of the maker, such transfer, although including all the debtor's property, is not sufficient to excuse the want of notice to the indorser.

This was an action on a promissory note for $1,144, bearing date May 23, 1853, made by

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

U. P. Coonrod, payable to Robert Crum, or bearer, thirty months after date, with interest after six months, and indorsed by the payee to .the plaintiffs. The declaration contained, in addition to the common counts, a special count averring that the note was made by Coonrod to the defendant, and by him assigned to plaintiffs in· payment of a debt due them from the defendant at the time, and that prior to the maturity of the note, the maker became insolvent, and assigned all his property to the indorser in trust for the payment of his debts generally. It also contained the usual averment of non-payment by the maker, with notice to the indorser.

[The second count omitted the averment of notice, but alleged that the indorser sustained no injury by reason of want of notice, because he had taken an assignment of· all the property of the maker previous to the maturity of the note. To this second count the defendant had demurred, and his demurrer was sustained by Judge Wilson, at the April term, 1859.] [2]

The trial, with a plea of the general issue and notice of set-off, was had before a jury. The plaintiffs produced the note and proved its execution, and also that at or about the time it bears date the defendant, who had been a dry goods merchant in Tiffin, Seneca county, Ohio, and who had become largely indebted to plaintiffs and others, for goods purchased in New York, sold and transferred his stock of merchandize in Tiffin, to U. P. Coonrod, and received in payment his promissory notes, payable on long time; one of which—the note in suit—was transferred to the plaintiffs by defendant in payment of the debt due them at that time, to $1,225 or thereabouts.

On the 11th of November, 1854, U. P. Coonrod, the maker of the note, having become badly insolvent, assigned all his property to Robert Crum, the defendant, in trust for the benefit of his creditors. The amount thus assigned would pay the creditors on final distribution, no more than fifteen cents on the dollar.

On the 26th day of November, 1855, the note having matured, payment was demanded of the maker, then in Tiffin, where the defendant also resided, and notice of non-payment was made out in writing, placed in an envelope directed to the defendant, and lodged in the post-office at Tiffin, by the notary, on the same day.

Spalding & Parsons and W. F. Stone, for plaintiffs, contended that, under the circumstances, no notice to the indorser was necessary as he had no right to require the holders of the note to make demand of the maker, and to give notice of nonpayment after he had deprived him of responsibility, by taking from him "all his property." And they strongly contended that where the ability of the maker to pay, was entirely exhausted by the assignment of his effects to the indorser,

in person, it made no difference in the law of the case, whether the assignment was made directly and exclusively to the indorser, to satisfy his liability on the note, or, whether, as in the case at bar, it was made to him in the character of a trustee for all the creditors of the insolvent debtor. In either case a notice of non-payment to the indorser, could be of no possible service. The following among other authorities were cited by plaintiff's counsel: Bond v. Farnham, 5 Mass. 170; Barton v. Baker, 1 Serg. & R. 334; Prentiss v. Danielson, 5 Conn. 180; Mechanics' Bank v. Griswold, 7 Wend. 165; DeBerdt v. Atkinson, 2 H. Bl. 336; Valk v. Simmons [Case No. 16,-815]; Corney v. DaCosta, 1 Esp. 302; Rhett v. Poe, 2 How. [43 U. S.] 457; Develing v. Ferris, 18 Ohio, 170; Watt v. Mitchell, 6 How. (Miss.) 131; Torrey v. Foss, 40 Me. 74; Commercial Bank of Albany v. Hughes, 17 Wend. 94.

S. B. & F. J. Prentiss, with whom was James Pillars, for defendant, maintained that, in no case, could notice of non-payment be dispensed with in a suit against the indorser, upon the ground that property had been assigned to him by the maker of the note, unless it appeared in evidence that the amount thus assigned was fully sufficient to satisfy the debt. They further contended that a substantial distinction could be taken between an absolute assignment of property to the indorser to pay the specific debt, though not sufficient in amount for the purpose, and an assignment of all the maker's property to the indorser, as a trustee for all the creditors; that in the former case notice might well be dispensed with without producing the like consequences in the latter. They cited several cases, but relied mainly on Creamer v. Perry, 17 Pick. 332.

McLEAN, Circuit Justice, charged the jury, that in case the maker of a note transferred property to the indorser for the express purpose of paying the debt, then subsequent notice of non-payment by the maker would be dispensed with, if the amount of property thus assigned was sufficient to satisfy the liability; not otherwise, although all the property of the maker may have been thus assigned.

The learned justice admitted the strength of the authorities referred to by plaintiffs, but said he was inclined, for the present, to rule that the assignment by Coonrod to Crum, being in trust for general creditors, and being sufficient in amount for the payment of no more than fifteen cents on the dollar of the debts, although it included all his property, was not sufficient in the law to excuse the want of notice to the indorser, or to show due diligence in the holder.

The jury returned a verdict for the defendant.

[Motion for a new trial was immediately filed by plaintiffs, and continued by the court, under advisement.] [3]

---

[2] [From 1 West Law Month. 522.]

[3] [From 1 West Law Month. 522.]